IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:00-CR-64-1H
No. 4:11-CV-123-H

| | |
|---|---|
| GARY LAVERNE LYNCH,  Petitioner,  v.  UNITED STATES OF AMERICA  Respondent. | ORDER |

This matter is before the court for preliminary examination of petitioner's 28 U.S.C. § 2255 motion, filed July 20, 2011. Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. § 846. On April 30, 2001, petitioner was sentenced to life imprisonment. Petitioner appealed, and on March 11, 2002, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. United States v. Lynch, 33 Fed. App'x 656 (4th Cir. 2002). On October 7, 2002, the United States Supreme Court denied certiorari. Petitioner filed his motion to vacate pursuant to 28 U.S.C. § 2255 on July 14, 2011.[1]

---

[1] Although the court's case management and electronic case filing system shows a filing date of July 20, 2011, petitioner's motion is deemed filed on July 14, 2011, when petitioner delivered the motion to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

I. **Rule 4 Standard**

Rule 4 of the Rules Governing Section 2255 Cases ("Rule 4") requires the court to conduct a preliminary examination of a petition filed pursuant to 28 U.S.C. § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b). The court may dismiss some of the claims in the petition and allow the other claims to proceed. United States v. Talbott, 26 Fed. Appx. 167 (4th Cir. 2001) (unpublished).

Title 28 U.S.C. § 2255 provides relief for federal inmates only where it is shown that (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence exceeds the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

II. **Timeliness of Motion**

Section 2255 further provides a one-year statute of limitation for actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

2

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The limitation period set forth in § 2255 may be tolled only "where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

The judgment in petitioner's case became final on October 7, 2002, when the United States Supreme Court denied his petition for certiorari. See United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001). Petitioner had one year, until October 7, 2003, to file a timely § 2255 action. The instant petition was filed on July 14, 2011, well beyond the one-year statute of limitation.

Petitioner asserts that his motion is timely because it was filed within one year of the passage of the Fair Sentencing Act of 2010, which Act forms the basis of petitioner's claim for relief. However, the passage of that Act did not operate to delay the accrual

3

of petitioner's claim, nor does it constitute a basis for tolling the statute of limitation. Therefore, petitioner's § 2255 motion is not timely.

## III. Conclusion

For the foregoing reasons, petitioner's § 2255 motion [DE #45] is DISMISSED as untimely. The government's motion to dismiss [DE #51] is DISMISSED as moot. Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

Pursuant to this court's September 26, 2011, Standing Order, 11-SO-01, this matter is referred to the Federal Public Defender to determine whether petitioner is eligible to seek a reduction of sentence in accordance with the revised base offense levels for crack cocaine, U.S. Sentencing Guideline § 2D1.1 and 18 U.S.C. § 3582(c)(2).

This 19th day of January 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31